# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Minnesota |
|---|---|
| Name (under which you were convicted): Luis Espinoza | Docket or Case No.: 0:01-CR-115(JMR/RLE) |
| Place of Confinement: FCI Sandstone | Prisoner No.: 09051-041 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) LUIS ESPINOZA |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court for the District of Minnesota

(b) Criminal docket or case number (if you know): 0:01-CR-115(JMR/RLE)

2. (a) Date of the judgment of conviction (if you know):

(b) Date of sentencing: July 24, 2002

3. Length of sentence: 240 months of imprisonment, 5 years supervise release

4. Nature of crime (all counts): conspiracy to distribute methamphetamine

5. (a) What was your plea? (Check one)

(1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☒ Judge only ☐

SCANNED
FEB 04 2005
2/3/05
U.S. DISTRICT COURT ST. PAUL

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals for the Eight Circuit

(b) Docket or case number (if you know): 02-1006

(c) Result: judgment of the District Court affirmed

(d) Date of result (if you know): November 10, 2003

(e) Citation to the case (if you know): unkowned

(f) Grounds raised: Violation of due process

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

(5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐ N/A

(2) Second petition: Yes ☐ No ☐ N/A

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Ineffective assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See Attached

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A
N/A

**GROUND TWO:** None

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
N/A

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐ N/A

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND THREE: None

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
N/A

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐ N/A

(2) If you did not raise this issue in your direct appeal, explain why:
N/A

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐ N/A

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND FOUR:** None

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐ N/A

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐ N/A

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Ground one , reason ineffective assistance of counsel

14. Do you have any motion, petition, or appeal **now pending** (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Arthur R. Martinez, Esq., located at 301 Fourth Ave, South Suite 377, Minneapolis, Minnesota 55415

(b) At arraignment and plea: Same

(c) At trial: Same

(d) At sentencing: Same

(e) On appeal: Same

(f) In any post-conviction proceeding: Pro-Se litigant

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro-Se litigant

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐ N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Motion is timely filed within the statute of limitation pursuant to 28 USC §2255.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pro-Se litigant, Luis Espinoza

Signature of Attorney (if any)

e (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct t this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on January 31, 2005 (month, date, year).

d (signed) on January 31, 2005 (date).

Luis Espinoza

Signature of Movant

rson signing is not movant, state relationship to movant and explain why movant is not this motion. N/A

IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

*****

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

| | | |
|---|---|---|
| Luis Espinoza<br>Petitioner | § | |
| V. | § | CIVIL NO: |
| United State of America | § | |

**MOTION PURSUANT TO 28 USC §2255**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
**IMPOSED BY A PERSON IN FEDERAL CUSTODY**

**NOW COMES,** Luis Espinoza (hereinafter Petitioner), Pro-Se, respectfully submits the above entitled motion pursuant to 28 USC §2255, to vacate, set aside, or correct sentence imposed by a person in federal custody.

## JURISDICTION

This Honorable Court has original Jurisdiction over the matter before it, pursuanat to Title 28 U.S.C. § 2255, from a final Judgment of criminal conviction emanating from the United States District Court for the District of Minnesota, upon which sentence was imposed, to vacate, set aside, or correct sentence of a person in Federal custody.

## QUESTION PRESENTED

1. Did Petitioner receive ineffective representation of Counsel, violating Petitioner's Sixth Amendment right to effective representation during trial proceedings, sentence proceedings and appeal, so as to deprive Petitioner of Due Process of Law?

## INDICTMENT, TRIAL AND SENTENCE

On or about April , 2001, a grand jury sitting for the District of Minnesota, returned a two (2) count indictment charging Petitioner [and others], in Count one (1), to wit: did knowingly and intentionally aided and abetted each other in the possession, with intent to distribute, more than 500 grams of methamphetamine, in violation to Title[s] 21 U.S.C. 841(a)(1), 841(b)(1)(A) and 18 U.S.C. 2; Count two (2) charged Petitioner [and others] with conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(A).

On December 3, 2001, Petitioner proceeded to trial on both counts of the indictment. Subsequently, after a four day trial

Petitioner was found guilty on both counts by the petit jury.

On July 24, 2002, Petitioner was sentenced to a 240 month term of imprisonment to be followed by a ten (10) year term of supervised release, pursuant to Title 21 U.S.C. §§ 841(b)(1)(A) and 851, and a special assessment fee of $200.

**Preliminary Statement of Law**

Petitioner asserts that the Fifth Amendment to the United States Constitution guarantees that:

> "no person shall be ... deprived of life, liberty, or property without due process of law..."

And, the Sixth Amendment guarantees that:

> "In all criminal prosecution, the accused shall enjoy the right to a speedy and public trial ... and the assistance of counsel for his defense."

Petitioner further asserts that the right to counsel guaranteed by the constitution contemplates the service of an attorney devoted to the interest of his client, **Von Moltkev v. Gillies**, 332 U.S. 708 (1948); the role of "guiding hand" described in **Powell v. Alabama**, 287 U.S. 53 (1932).

Since the Supreme Court's decision in **Strickland v. Washington**, 466 U.S. 668 (1984), the Petitioner notes that the Supreme Court has established a two-prong test, with which to evaluate ineffective assistance of counsel claims; (i) that counsel's performance fell below objective standard of reasonableness, and (ii) that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceeding. In short, it states that a defendant must show unprofessionalism and prejudice on part of trial counsel or a "reasonable probability" that but for counsel's unprofessional error, the result would have been differen. **Id**. 466 U.S. at 694.

Furthermore, it is undisputed that a defendant is entitled to effective assistance of counsel throughout all critical stages of the proceeding. **United States v. Wade**, 338 U.S. 218 (1988); It is further undisputed that the sentencing phase of a criminal conviction is a critical stage in a criminal case where due process protects a convicted person as it does an accused at trial. **Mempa v. Rhay**, 389 U.S. 128 (1967).

**Argument**

In the instant case Petitioner argues that representing counsel Arthur R. Martinez, Esq., located at 301 Fourth Avenue South, Suite 377, Minneapolis, Minnesota 55415, was ineffective for the following grounds; (i) failure to argue and/or raise, before the District Court, that the government's failure to timely file an information pursuant to 21 U.S.C. § 851(a)(1), prior to Jury selection, deprived the sentencing court of authority and/or Jurisdiction to impose an enhanced sentence under 21 U.S.C. § 841(b)(1)(A); (ii) failure to argue and/or raise on direct appeal, that the government, as well as the sentencing court, failed to comply with the strict requirement of 21 U.S.C. § 851(a)(1) & (b).

**I. Ineffective Assistance of Counsel before the District Court**

In the instant matter, Petitioner proclaims that trial counsel was grossly ineffective for his failure to alert and/or raise to the court's attention, that the government failed to comply with the strict requirement of 21 U.S.C. § 851(a)(1).

In the instant case before this Honorable Court for review, the government relying on 21 U.S.C. § 851(a)(1), which states in part:

> "no person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."

moved and authorized the District Court to impose a mandatory minimum sentence of 240 months (or 20 years) in accordance to 21 U.S.C. § 841(b)(1)(A).

However, this authority is only transferred to the District Court upon the government's strict compliance with the Congressional directive and/or mandate of 21 U.S.C. § 851(a)(1). See **United States v. Weaver**, 905 F.2d 1466, 1481 (11th Cir. 1990); **United States v. Williams**, 899 F.2d 1526, 1529 (6th Cir. 1990); **United States v. Noland**, 495 F.2d 529, 533 (5th Cir.) cert. denied 419 U.S. 966 (1974); **United States v. Wirsing**, 662 F.Supp. 199, 200 (D.Nev. 1987).

Due process requires that a defendant receive reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism. **Oyler v. Bales**, 368 U.S. 448, 452 (1962). Section 851 was enacted to fulfill this due

process requirement. See **United States v. Johnson**, 944 F.2d 396, 407 (8th Cir. 1991)(§ 851 allows the defendant an opportunity to determine whether to enter a plea or go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict); **United States v. Wright**, 932 F.2d 868, 882 (10th Cir.)(§ 851 provides the defendant an opportunity to challenge the prior convictions), cert. denied, 112 S.Ct. 428 (1991).

The sentencing court may enhance a defendant's sentence on the basis of a prior conviction only when the government, before trial, indicates its intent to rely on that conviction for sentencing purposes. **Johnson**, 944 F.2d at 406. Failure to file the notice prior to trial deprives the district court of Jurisdicton to impose an enhanced sentence. **United States v. Olsen**, 716 F.2d 850, 852-53 (11th Cir. 1983); See also **Wright**, 932 F.2d at 882.

A prerequisite for sentence enhancement under 21 U.S.C. § 851(a) is a timely filed information detailing the prior convictions the government intends to rely upon for sentence enhancement. See **21 U.S.C. § 851(a)(1)**. To satisfy the procedural and notice requirements of the § 851(a) information, "the government must file its information before jury selection begins, thus allowing the defendant 'ample time to determine whether he should enter a plea or go to trial,' and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." See **United States v. Robinson**, 110 F.3d 1320, 1337-38

(8th Cir. 1997)(quoting **Johnson**, 944 F.2d at 407 (8th Cir.)). See also, **United States v. Stallings**, 301 F.3d 919, 920 (8th Cir. 2002).

Thus, representing counsel's failure to raise or alert the District Court that the government's failure to file an § 851 information before Jury selection, deprived the District Court authority and/or Jurisdiction to impose an enhanced sentence, constitutes ineffective assistance of counsel. See **United States v. Ailsworth**, 206 F.Supp.2d 1148 (D.Kan. 2002); **Prou v. United States**, 199 F.3d 37, 48 (1st Cir. 1999); **Neary v. United States**, 998 F.2d 563 (8th Cir. 1993).

In the instant case Petitioner contends that the government's failure to file an § 851 (a)(1) information before Jury selection had begun, deprived the District Court of authority and/or Jurisdiction to impose an enhanced sentence. See **United States v. Romero-Carrion**, 54 F.3d 15, 17-18 (1st Cir. 1995)("failure to file information required by section 851(a) deprives the district court of Jurisdiction to impose an enhanced sentence"); **United States v. Belanger**, 970 F.2d 416, 418 (7th Cir. 1992); **United States v. Wright**, 932 F.2d 868, 882 (10th Cir. 1991); **United States v. Olsen**, 716 F.2d 850, 853 (11th Cir. 1983); **United States v. Allen**, 566 F.2d 1193, 1196 (3rd Cir. 1977); **United States v. Cevallos**, 538 F.2d 1122, 1125 (5th Cir. 1976); **United States v. Levay**, 76 F.3d 671, 674, n.4 (5th Cir. 1996)(holding that failure by the prosecutor to file a section 851(a)(1) information on time "prevents" "preclude[s]" and "bar[s]" a sentence enhancement);

**United States v. Smith**, 984 F.2d 1084, 1087 (10th Cir. 1993) (holding that noncompliance with section 851(a)(1) "deprives the trial court of authority" to impose an enhanced sentence); **United States v. Noland**, 495 F.2d 529 (5th Cir. 1974)(same).

As the evidence reflects [see combined exhibits (A)] the government faxed an § 851(a)(1) information to the clerk of the court on December 3, 2001, the day of trial, no earlier than 12:25 P.M., and served same on defense counsel by fax, no earlier than 12:56 P.M., both, filing and service were done after Jury selection had begun, but before the Petit Jury was sworn and impaneled. However, in **United States v. Johnson**, Id. 944 F.2d at 407, the Eighth Circuit has specifically held "that section 851 requires filing before Jury selection begins."

Moreover, with the filing requirement of § 851(a)(1), the Court[s] have indicated that both the filing and service requirement of the statute are Jurisdictional in nature. See **United States v. Novey**, 922 F.2d 624, 627 (10th Cir.) cert. denied, 501 U.S. 1234 (1991)("The district court...was without authority to impose an enhanced sentence unless the statutory requirements [of § 851(a)(1)] were met")(emphasis added); **United States v. Olsen**, 716 F.2d 850, 852-53 (11th Cir. 1983)("[the] language [of § 851(a)(1)] restricts the court of authority to impose enhanced sentences to cases where the information is filed with the court and served on the defendant before trial.")(emphasis added). See also **United States v. Noland**, 495 F.2d 529, 533 (5th Cir.)(same).

The filing requirement of § 851(a)(1) is separate from the

service requirement by the conjunctive "and" which indicates that Congress intended that both requirements be fulfilled. Given the mandatory and conjunctive language in § 851(a)(1), it must be read as limiting a district court's authority to impose enhanced sentences to cases where in compliance with each of its procedural requirements. Any other reading of § 851(a)(1) is contrary to the plain language of the statute. See **United States v. Carvajal-Minota**, 706 F.Supp. 726, 727 (N.D.Cal. 1989)("This Court sees no reason to disregard the clear language of Congress [in § 851(a)(1)] regarding service and will not assume that while filing is a strict requirement service is an informal secondary requirement"). See also **Ailsworth**, 206 F.Supp.2d at 1153.

Further evidence (see combined exhibits B, Plea agreement[s]) shows that the government never formally informed or attempted to formally inform the defendant (Petitioner herein) of its intent to seek an enhanced sentence. As exhibit[s] 'B' shows, the government, on November 30, 2001,[1] faxed two separate Plea agreements to defense counsel which neither depicts the government's intention to seek an enhance sentnece.

Moreover, the Court docket further shows that the § 851(a)(1) information was filed the day of trial before the Jury was sworn. (See exhibit 'C').

[1] It is worthy to note that the government, prior to faxing both copies of said plea agreement, visitied Petitioner outside the presence of his appointed counsel and threatened Petitioner that, if he did not cooperate with the government and sign the plea agreement, the Petitioner would be sorry.

## II. Ineffective Assistance of Counsel on Appeal

In the instant matter Petitioner asserts that Appellate Counsel, Arthur R. Martinez, Esq., was grossly ineffective for his failure to raise on direct appeal, that the sentencing court was without authority and/or Jurisdiction to impose an enhanced sentence for the reasons established in Part I, and failure to raise and argue that the sentencing court failed to comply with the requirement of § 851(b), before its pronouncement of sentence, making the enhanced sentence procedurally deficient.

Section 851(b) directs the District Court"

> "If the United States attorney files an information under this section, the court 'shall' after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and 'shall' inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."

However, as the record shows, the District Court completely failed to comply with section 851(b) procedural requirements before pronouncement of sentence. [See exhibit'D', sentencing trascript]. Moreover, although the court[s] have held that a court's failure to engage in the colloquy required by section 851(b) is subject to "harmless error" analysis, in cases where the conviction relied upon by the government occurred more than

five years before the date of the information alleging such prior conviction. See **United States v. Rounsavall**, 115 F.3d 561, 566 (8th Cir. 1997); **United States v. Romero-Carreon**, 54 F.3d 15, 18 (1st Cir. 1995). By the same token, no court has held that a court's complete failure to comply with the § 851(b) requirement was subject to a harmles error analysis, where the prior convictions relied upon by the government occurred less than five years before the date of the information alleging such prior convictions.

The purpose of § 851(b) is to insure that a defendant knowingly and voluntarily waives his right to challenge the previous conviction used to enhance his sentence before that conviction becomes immune from challenge by operation of the enhanced sentence statute. The ritual required by § 851(b) is a functional one, and its omission can result in very real prejudice to a defendant who learns, only after he attempts to challenge the prior conviction, that the conviction has become unassailable.

Moreover, section 851(b) precedes the imposition of an enhanced sentence, which of course exceeds the normal statutory limits. Thus, unless the Judge complies with § 851(b) in imposing an enhanced sentence, the legal requirements for the lawful imposition of an enhanced sentence have not been met, and the enhanced sentence in fact, exceeds the normal statutory maximum which the Judge is otherwise authorized to impose. See **Blakely v. Washington**, 125 S.Ct. 2531 (2004); **United States v. Booker**, U.S. No: 04-104 (U.S. Jan. 12, 2005). which requires vacation of Petitioner's sentence and remand for resentenceing. See **United States v. Cevallos**,

538 F.2d 1122, 1128 (5th Cir. 1978); **United States v. Olsen**, 716 F.2d 850, 853-54 (11th Cir. 1983); **United States v. Garcia**, 526 F.2d 958 (5th Cir. 1976).

**CONCLUSION**

For the reasons stated herein, Petitioner exclaims that representing Counsel was grossly ineffective, and respectfully moves this Honorable Court to vacate the sentence and remand the instant case for resentencing.

Written and argued by
Miguel A. Casiano, Jr.
On behalf of Petitioner
Luis Espinoza

I, Luis Espinoza, hereby state that all herein is true to the best of my knowledge supported by laws and the Constitution of the United States, under the penalty of perjury.

Respectfully yours,

s/ Luis Espinoza
Luis Espinoza

**CERTIFICATE OF SERVICE**

I, Luis Espinoza, hereby certify that on this 31 th day of January, 2005, I placed a true and exact copy of the section 2255 motion, in the institutional legal mailbox addressed to the party listed below.

Respectfully yours,

s/ Luis Espinoza
Luis Espinoza

cc: Anthony W. Brown, AUSA
600 U.S. Courthouse
300 Fourth Street South
Minneapolis, MN 55415

U.S. Depart  it of  stice

*United States Attorney*
*District of Minnesota*

EXHIBIT (A)

*600 United States Courthouse*
*300 South Fourth Street*
*Minneapolis, MN 55415*
*www.usdoj.gov/usao/mn*

*(612)664-5600*

December 3, 2001

Richard Sletten, Clerk
United States District Court
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: United States v. Luis Espinoza
Cr. No. 01-115(JMR)

Dear Mr. Sletten:

Enclosed for filing please find the Section 851 Information for Sentencing Enhancement regarding the above-entitled matter.

Copies have been forward to Judge Rosenbaum and defense counsels has been served the same by copy of this letter.

Respectfully,

THOMAS B. HEFFELFINGER
United States Attorney

Anthony W Brown/DKR

BY: ANTHONY W. BROWN
Assistant U.S. Attorney

AWB:dkr
cc: Arthur Martinez, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-115(JMR)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ESPINOZA,<br>A/K/A DAN MENDOZA,<br><br>Defendant. | ) | SECTION 851<br>INFORMATION FOR<br>SENTENCING ENHANCEMENT |

The United States of America, by and through its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Assistant United States Attorney Anthony W. Brown, hereby informs the defendant that he is subject under Title 21, United States Code, Sections 841 and 851 to an enhanced penalty as a repeat drug offender should he be convicted at trial.

On August 4, 1997, in Orange County District Court, Orange County, California the defendant was convicted of the offense of Possession of a Controlled Substance. This conviction was a felony drug offense. Based on his prior drug conviction, the defendant is facing a mandatory minimum sentence of twenty years imprisonment with a maximum of life imprisonment.

Dated: December 3, 2001

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

BY: ANTHONY W. BROWN
Assistant U.S. Attorney

*United States Attorney*
*District of Minnesota*

EXHIBIT (A-1)

*600 United States Courthouse*
*300 South Fourth Street*
*Minneapolis, MN 55415*
*www.usdoj.gov/usao/mn*

*(612)664-5600*

December 3, 2001

Richard Sletten, Clerk
United States District Court
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: United States v. Luis Espinoza
Cr. No. 01-115(JMR)

Dear Mr. Sletten:

Enclosed for filing please find the Section 851 Information for Sentencing Enhancement regarding the above-entitled matter.

Copies have been forward to Judge Rosenbaum and defense counsels has been served the same by copy of this letter.

Respectfully,

THOMAS B. HEFFELFINGER
United States Attorney

Anthony W Brown/DKR

BY: ANTHONY W. BROWN
Assistant U.S. Attorney

AWB:dkr
cc: Arthur Martinez, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-115(JMR)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LUIS ESPINOZA,<br>A/K/A DAN MENDOZA,<br>Defendant. | SECTION 851<br>INFORMATION FOR<br>SENTENCING ENHANCEMENT |

The United States of America, by and through its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Assistant United States Attorney Anthony W. Brown, hereby informs the defendant that he is subject under Title 21, United States Code, Sections 841 and 851 to an enhanced penalty as a repeat drug offender should he be convicted at trial.

On August 4, 1997, in Orange County District Court, Orange County, California the defendant was convicted of the offense of Possession of a Controlled Substance. This conviction was a felony drug offense. Based on his prior drug conviction, the defendant is facing a mandatory minimum sentence of twenty years imprisonment with a maximum of life imprisonment.

Dated: December 3, 2001

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

BY: ANTHONY W. BROWN
Assistant U.S. Attorney

**U.S. Department of Justice**

*United States Attorney*
*District of Minnesota* EXHIBIT (B)

---

*600 United States Courthouse*
*300 South Fourth Street*
*Minneapolis, MN 55415*
*(612)664-5600*

November 30, 2001

Arthur R. Martinez, Esq.
301 Fourth Avenue S.
Suite 377
Minneapolis, MN 55415

Re: United States v. Luis Espinoza, a/k/a Dan Mendoza; Case No.: 01-115 (JMR/RLE)

Dear Mr. Martinez:

Please find enclosed two draft plea agreements. Both contain cooperation agreement. In the first draft, I have the guidelines calculated based upon a criminal history category III, offense level 34, resulting in a guidelines range of 188 - 235 months imprisonment. Should the defendant cooperate and provide substantial assistance, the government will recommend a three level reduction for acceptance of responsibility, and a further recommendation that the court not assess the two level upward adjustment pursuant to 2D1.1(b)(1), resulting in a guidelines range of 108 - 135 months.

In the second draft, I have the guidelines calculated based upon a criminal history category III, offense level 34, resulting in a guidelines range of 188 - 235 months imprisonment. Should the defendant cooperate and provide substantial assistance, the government will move for a downward departure pursuant to U.S.S.G. §5K1.1. Under both drafts, the defendant remains subject to the ten year statutory mandatory minimum, as the government does not intend to file a motion pursuant to 18 U.S.S. 3553(e).

In light of Monday's trial date, and the need to discuss matters further with your client if we move forward with this agreement, iIf you have any questions, please give me a call today.

Sincerely,

THOMAS B. HEFFELFINGER
United States Attorney

BY: Anthony W. Brown
Assistant U.S. Attorney

Enclosure

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-115 JMR

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. LUIS ESPINOSA, Defendant. | **PLEA AGREEMENT AND SENTENCING STIPULATIONS** |

The United States of America, and the defendant, Luis Espinosa, pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, hereby agree to resolve this case on the following terms and conditions:

**TERMS OF THE AGREEMENT**

1. Defendant has read the charges against him contained in the indictment and those charges have been fully explained to him by his attorney.

2. Defendant will enter a voluntary plea of guilty to Count Two of the Indictment which charges him with Conspiracy to Possess with Intent to Distribute, in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) .

**FACTUAL BASIS**

3. The defendant stipulates that Count Two is true and correct and the defendant pleads guilty because he is in fact guilty of the charges contained in the indictment. In pleading guilty, defendant admits and stipulates to the following facts

which establish his guilt beyond a reasonable doubt:

From on or about January 1, 2001, and continuing to on or about March 17, 2001, in the State and District of Minnesota, LUIS ESPINOSA, knowingly and intentionally conspired and agreed with ALEJANDRO MONTOYA to possess with intent to distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance.

**PENALTY**

4. Defendant understands that Count ~~One~~ Two carries

(a) a minimum statutory penalty of ten years imprisonment;
(b) maximum statutory penalty of life years;
(c) a $4,000,000 fine;
(d) a term of supervised release of not more than five years;
(e) the imposition of the costs of prosecution, imprisonment, and supervision;
(f) a mandatory special assessment of $100; and
(g) denial of federal benefits under 21 U.S.C. Section 862 (a)(1).

**SUPERVISED RELEASE**

5. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

**SPECIAL ASSESSMENT**

6. The defendant will pay to the clerk of the United States District Court $100.

## WAIVER OF RIGHTS

7. Defendant understands that by pleading guilty he is waiving all of his rights as to a trial on the question of guilt and as to all issues he did or could have raised by pretrial motions. The defendant knowingly waives the right to appeal or to contest, directly or collaterally, including but not limited to a motion brought under Title 28, United States Code, Section 2255, his sentence or the manner in which it was determined, on any ground, unless the court should impose a sentence that is an upward departure from the Sentencing Guidelines, a sentence in excess of the statutory maximum, or a sentence in violation of the law.

## GUIDELINE CALCULATIONS

8. Guideline Calculations. The defendant will be sentenced in accordance with the United States Sentencing Guidelines. The following guideline calculations and stipulations are binding on the parties, but do not bind the court. The parties understand that the application of the Sentencing Guidelines is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the

defendant may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

a. Base Offense Level. Count 1. The parties agree that the base offense level is 32. U.S.S.G. §2D1.1(c)(4).

b. Specific Offense Characteristics. A 2 level upward adjustment is applicable pursuant to U.S.S.G. §2D1.1)b)(1).

c. Total Adjusted Offense Level. Based on the foregoing stipulations, the total adjusted offense level as calculated by the parties is 34.

d. Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is III.

e. Guideline Range. Assuming that Defendant is in criminal history category III, the parties believe the applicable guideline range is 188 to 235 months imprisonment (level 34).

f. The parties understand and stipulate that the defendant is subject to the statutory minimum sentence of ten years pursuant to 21 U.S.C. §841(b)(1)(A)(viii).

g. Fine Range. At an offense level of 34, the applicable fine range is $17,500 to $175,000. U.S.S.G. §5E1.2(c)(3).

h. Supervised Release. The Sentencing Guidelines specify that if a term of supervised release is imposed, the Court is required to impose a term of supervised release of at least three years but not more than five years. U.S.S.G. § 5D1.2(a)(1).

## COOPERATION AGREEMENT

9. Based upon representations made by the defendant, and conditioned upon the Defendant's continued cooperation as set out in paragraph 10 of this agreement, and the satisfaction of the United States as further set out in this paragraph, the parties understand that the United States will make the following

sentencing recommendations to the Court. If the United States of America, in its sole discretion, determines that the defendant has provided complete and substantial assistance in the investigation or prosecution of another person who has committed an offense, including testifying at any trial or proceeding as required, the government will move the Court for an order pursuant to Sentencing Guidelines § 5K1.1 granting the defendant a downward departure below the guideline range with the extent of the downward departure to be determined by the Court upon review of the factors in § 5K1.1. The parties understand and stipulate that the defendant is subject to the statutory minimum sentence of ten years pursuant to 21 U.S.C. §841(b)(1)(A)(viii).

10. Should the defendant agree to cooperate, then:

a. Defendant agrees to provide truthful, complete and accurate information and testimony concerning his knowledge of all persons and aspects of narcotics trafficking, and any information that is deemed of interest to the United States Attorney for the District of Minnesota, the United States Department of Justice, or any other State or Local government or law enforcement agency or department. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

b. Defendant agrees to provide all information concerning his knowledge of, and participation in, the offenses alleged in the indictment and any other crimes about which he has knowledge.

c. Defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

d. Defendant agrees to testify truthfully as a witness before any grand jury, hearing, or trial when called upon to do so by the government.

e. Defendant agrees to hold himself reasonably available for any interviews as the government may require.

f. Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

g. Defendant understands that his cooperation shall be provided to any federal or other law enforcement agency as requested by the government.

h. Defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced. Failure to continue to cooperate after sentence is imposed shall be grounds for the government to void this agreement.

i. The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has otherwise violated any here-to-fore mentioned provision of this agreement, the agreement may be voided by the government and the defendant will be subject to prosecution for any federal crime of which the government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. This prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may by used as evidence against him. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

11. Defendant understands that he may not commit any additional crimes after the date of this agreement, including the unlawful possession of firearms or any controlled substance or narcotics. Defendant further understands that he is subject to prosecution for the commission of any subsequent criminal activity.

12. The defendant further understands and agrees that the government will exercise its sole discretion regarding whether and how to investigate any information provided by the defendant.

13. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

14. Should the judge refuse to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

15. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

The foregoing accurately sets forth the full extent of the plea agreement and the sentencing stipulations in the above-captioned case.

THOMAS B. HEFFELFINGER
United States Attorney

BY: ANTHONY W. BROWN
Assistant U.S. Attorney
TX Bar Number 03091600
Dated:

LUIS ESPINOSA
Defendant
Dated:

ARTHUR MARTINEZ

Counsel for Defendant
Dated:

DRAFT

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-115 JMR

EXHIBIT (B-1)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | **PLEA AGREEMENT AND SENTENCING STIPULATIONS** |
| LUIS ESPINOSA, Defendant. | ) | |

The United States of America, and the defendant, Luis Espinosa, pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, hereby agree to resolve this case on the following terms and conditions:

**TERMS OF THE AGREEMENT**

1. Defendant has read the charges against him contained in the indictment and those charges have been fully explained to him by his attorney.

2. Defendant will enter a voluntary plea of guilty to Count Two of the Indictment which charges him with Conspiracy to Possess with Intent to Distribute, in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) .

**FACTUAL BASIS**

3. The defendant stipulates that Count Two is true and correct and the defendant pleads guilty because he is in fact guilty of the charges contained in the indictment. In pleading guilty, defendant admits and stipulates to the following facts

which establish his guilt beyond a reasonable doubt:

From on or about January 1, 2001, and continuing to on or about March 17, 2001, in the State and District of Minnesota, LUIS ESPINOSA, knowingly and intentionally conspired and agreed with ALEJANDRO MONTOYA to possess with intent to distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance.

**PENALTY**

4. Defendant understands that Count One carries

(a) a minimum statutory penalty of ten years imprisonment;
(b) maximum statutory penalty of life years;
(c) a $4,000,000 fine;
(d) a term of supervised release of not more than five years;
(e) the imposition of the costs of prosecution, imprisonment, and supervision;
(f) a mandatory special assessment of $100; and
(g) denial of federal benefits under 21 U.S.C. Section 862 (a)(1).

**SUPERVISED RELEASE**

5. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

**SPECIAL ASSESSMENT**

6. The defendant will pay to the clerk of the United States District Court $100.

defendant may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

a. Base Offense Level. Count 1. The parties agree that the base offense level is 32. U.S.S.G. §2D1.1(c)(4).

b. Specific Offense Characteristics. A 2 level upward adjustment is applicable pursuant to U.S.S.G. §2D1.1)b)(1).

c. Total Adjusted Offense Level. Based on the foregoing stipulations, the total adjusted offense level as calculated by the parties is 34.

d. Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is III.

e. Guideline Range. Assuming that Defendant is in criminal history category III, the parties believe the applicable guideline range is 188 to 235 months imprisonment (level 34).

f. The parties understand and stipulate that the defendant is subject to the statutory minimum sentence of ten years pursuant to 21 U.S.C. §841(b)(1)(A)(viii).

g. Fine Range. At an offense level of 34, the applicable fine range is $17,500 to $175,000. U.S.S.G. §5E1.2(c)(3).

h. Supervised Release. The Sentencing Guidelines specify that if a term of supervised release is imposed, the Court is required to impose a term of supervised release of at least three years but not more than five years. U.S.S.G. § 5D1.2(a)(1).

**COOPERATION AGREEMENT**

9. Based upon representations made by the defendant, and conditioned upon the Defendant's continued cooperation as set out in paragraph 10 of this agreement, and the satisfaction of the United States as further set out in this paragraph, the parties understand that the United States will make the following

sentencing recommendations to the Court. If the United States of America, in its sole discretion, determines that the defendant has provided complete and substantial assistance in the investigation or prosecution of another person who has committed an offense, including testifying at any trial or proceeding as required, the government will recommend that the Defendant be granted a three level reduction for acceptance of responsibility; and further stipulate and recommend that the Court not assess a two level increase pursuant to U.S.S.G. §2D1.1(b)(1). If the Court accepts the government's recommendations, and assuming that Defendant is in criminal history category III, the parties believe the applicable guideline range would be 108 to 135 months imprisonment. The parties understand and stipulate that the defendant is subject to the statutory minimum sentence of ten years pursuant to 21 U.S.C. §841(b)(1)(A)(viii).

10. Should the defendant agree to cooperate, then:

a. Defendant agrees to provide truthful, complete and accurate information and testimony concerning his knowledge of all persons and aspects of narcotics trafficking, and any information that is deemed of interest to the United States Attorney for the District of Minnesota, the United States Department of Justice, or any other State or Local government or law enforcement agency or department. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

b. Defendant agrees to provide all information concerning his knowledge of, and participation in, the offenses alleged in the indictment and any other crimes about which he has knowledge.

c. Defendant agrees that he will not falsely implicate any

person or entity and he will not protect any person or entity through false information or omission.

d. Defendant agrees to testify truthfully as a witness before any grand jury, hearing, or trial when called upon to do so by the government.

e. Defendant agrees to hold himself reasonably available for any interviews as the government may require.

f. Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

g. Defendant understands that his cooperation shall be provided to any federal or other law enforcement agency as requested by the government.

h. Defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced. Failure to continue to cooperate after sentence is imposed shall be grounds for the government to void this agreement.

i. The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has otherwise violated any here-to-fore mentioned provision of this agreement, the agreement may be voided by the government and the defendant will be subject to prosecution for any federal crime of which the government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. This prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may by used as evidence against him. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

11. Defendant understands that he may not commit any additional crimes after the date of this agreement, including the unlawful possession of firearms or any controlled substance or narcotics. Defendant further understands that he is subject to prosecution for the commission of any subsequent criminal activity.

12. The defendant further understands and agrees that the government will exercise its sole discretion regarding whether and how to investigate any information provided by the defendant.

13. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

14. Should the judge refuse to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

15. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

The foregoing accurately sets forth the full extent of the plea agreement and the sentencing stipulations in the above-captioned case.

THOMAS B. HEFFELFINGER
United States Attorney

BY: ANTHONY W. BROWN
Assistant U.S. Attorney
TX Bar Number 03091600
Dated:

______________________
LUIS ESPINOSA
Defendant
Dated:

______________________
ARTHUR MARTINEZ

Counsel for Defendant
Dated:

EXHIBIT (C)

APPEAL INTERP
5TH

U.S. District Court
District of Minnesota

CRIMINAL DOCKET FOR CASE #: 01-CR-115-ALL

USA v. Espinoza

Filed: 04/18/01

Other Dkt # 0:01-m -00102

Case Assigned to: Chief Judge James M Rosenbaum
Case Referred to: Magistrate Judge Raymond L Erickson

| | |
|---|---|
| LUIS ESPINOZA (1)<br>aka<br>Daniel Mendoza<br>defendant<br>[term 07/25/02] | Arthur R Martinez<br>[term 07/25/02]<br>[COR LD NTC cja]<br>Martinez & Andrade<br>301 4th Ave S Ste 377<br>Mpls, MN 55415<br>612-333-6000<br><br>Luis Espinoza<br>[term 07/25/02]<br>#09851-041<br>[COR LD NTC pse] [PRO SE]<br>Sherburne County Jail<br>13880 Hwy 10<br>Elk River, MN 55330 |

| Pending Counts: | Disposition |
|---|---|
| 21:841(a)(1) and 841(b)(1)(A) & 18:2 AIDING AND ABETTING POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE (1) | Custody of BOP for 240 months as to counts 1 and 2 to be served concurrently; 10 years supervised release on counts 1 and 2 to be served concurrently; $200.00 spec assmt (1) |
| 21:841(a)(1); 21:846 and 21:841(b)(1)(A) CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE METHAMPHETAMINE (2) | Custody of BOP for 240 months as to counts 1 and 2 to be served concurrently; 10 years supervised release on counts 1 and 2 to be served concurrently; $200.00 spec assmt (2) |

Offense Level (opening): 4

Terminated Counts:

Proceedings include all events.
0:01cr115-ALL USA v. Espinoza

APPEAL
INTERP 5TH

NONE

Complaints

Disposition

Possession with the intent to distribute methamphetamine & aiding & abetting in violation of 21:841(a)(1) & 18:2
[ 0:01-m -102 ]

========================

Case Assigned to: Chief Judge James M Rosenbaum
Case Referred to: Magistrate Judge Raymond L Erickson

ALEJANDRO MONTOYA (2)
aka
Jose
defendant

Barry Vaughn Voss
FAX 6126730057
[COR LD NTC ret]
Voss & Hickman
527 Marquette Ave S Ste 2355
Mpls, MN 55402
(612) 673-0707

Pending Counts:

Disposition

21:841(a)(1) and 841(b)(1)(A) & 18:2 AIDING AND ABETTING POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE
(1)

21:841(a)(1); 21:846 and 21:841(b)(1)(A) CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE METHAMPHETAMINE
(2)

Offense Level (opening): 4

Terminated Counts:

NONE

Proceedings include all events.
0:01cr115-ALL USA v. Espinoza

APPEAL
INTERP 5TH

| | | |
|---|---|---|
| 3/19/01 | 1 | COMPLAINT by USA Andrew Stephen Dunne with attached affidavit of Terri Vandergriff, DEATF, against Daniel Mendoza & Alex Montoya by Magistrate Judge E. S. Swearingen. (3 pages) [ 0:01-m -102 ] (ps) [Entry date 03/20/01] |
| 3/19/01 | -- | BENCH WARRANT issued for Daniel Mendoza & Alex Montoya by Magistrate Judge E. S. Swearingen. [ 0:01-m -102 ] (ps) [Entry date 03/20/01] |
| 3/19/01 | 2 | MINUTES before Magistrate Judge E. S. Swearingen re FIRST APPEARANCE of Daniel Mendoza & Alex Montoya: deft detained; preliminary/detention hearing set for 10:30 a.m. on 3/21/01 before ESS; interpreter Nadia Smith present. Tape 01-15-3195-3285. (1 page) [ 0:01-m -102 ] (ps) [Entry date 03/20/01] |
| 3/19/01 | 3 | ORDER OF TEMPORARY DETENTION of Daniel Mendoza & Alex Montoya by Magistrate Judge E. S. Swearingen (dated 3/19/01). (copies dist'd) 1 page [ 0:01-m -102 ] (ps) [Entry date 03/20/01] |
| 3/21/01 | 4 | MINUTES before Magistrate Judge E. S. Swearingen for PRELIMINARY/DETENTION HEARING as to Daniel Mendoza: deft detained; detention hearing waived; interpreter Bea Cabrera present. Tape 01-16-1470-2755. (1 page) [ 0:01-m -102 ] (ps) [Entry date 03/22/01] |
| 3/21/01 | 5 | ORDER OF DETENTION PENDING TRIAL of Daniel Mendoza by Magistrate Judge E. S. Swearingen (dated 3/21/01). (copies dist'd) 1 page [ 0:01-m -102 ] (ps) [Entry date 03/22/01] |
| 3/21/01 | 6 | MINUTES before Magistrate Judge E. S. Swearingen for PRELIMINARY/DETENTION HEARING as to Alex Montoya: deft detained; detention hearing waived; interpreter Bea Cabrera present. Tape 01-16-1470-2755. (1 page) [ 0:01-m -102 ] (ps) [Entry date 03/22/01] |
| 3/21/01 | 7 | ORDER OF DETENTION PENDING TRIAL of Alex Montoya by Magistrate Judge E. S. Swearingen (dated 3/21/01). (copies dist'd) 1 page [ 0:01-m -102 ] (ps) [Entry date 03/22/01] |
| 3/23/01 | 8 | CJA Form 20 Copy 4 (Appointment of Counsel) appointing Arthur Martinez for deft Daniel Mendoza. (1 page) [ 0:01-m -102 ] (ps) [Entry date 03/23/01] |
| 4/18/01 | 9 | INDICTMENT assigned to Judge James M. Rosenbaum, referred to Magistrate Judge Raymond L. Erickson by USA Anthony Wayne Brown. Counts filed against Luis Espinoza (1) counts 1 & 2, Alejandro Montoya (2) counts 1 & 2. 2pgs (lg) [Entry date 04/19/01] |

| | | |
|---|---|---|
| 5/3/01 | 10 | ORDER (Magistrate Judge Raymond L. Erickson / date signed 5/3/01) on 4/27/01, an informal request by Arthur R. Martinez counsel for deft Luis Espinoza (1), (the AUSA & counsel for deft Alejandro Montoya (2) join in this request) was made to this Court requesting that the arraignment of the deft take place immediately prior the the scheduled hearing date for motions. For the ends of justice and in order to assure a fair trial, a continuance in the arraignment is GRANTED. That the entire period of this continuance is excluded from the period within which the trial of this matter must commence under the Speedy Trial Act 18:3161(h)(1)(A); 3161(h)(8)(A) as to deft Luis Espinoza (1) and Alejandro Montoya (2); arraignment and motion hearing set for 8:30 on 5/23/01 before RLE in CR #3, St. Paul, MN; pretrial motions due on 5/17/01; Voir Dire / Jury Instructions due on 7/23/01; jury trial set for 9:00 on 7/30/01 before JMR in CR #1, Duluth, MN. (cc: all counsel). 4pgs (lg) [Entry date 05/03/01] |
| 5/17/01 | 11 | MOTION for disclosure of evidence favorable to the deft by Luis Espinoza. (3 pages) (ps) [Entry date 05/18/01] |
| 5/17/01 | 12 | MOTION for disclosure of 404 evidence by Luis Espinoza. (1 page) (ps) [Entry date 05/18/01] |
| 5/17/01 | 13 | MOTION for discovery and inspection by Luis Espinoza. (3 pages) (ps) [Entry date 05/18/01] |
| 5/17/01 | 14 | MOTION to suppress evidence obtained as a result of search and seizure by Luis Espinoza. (2 pages) (ps) [Entry date 05/18/01] |
| 5/17/01 | 15 | MOTION to suppress statements, admissions, and answers by Luis Espinoza. (2 pages) (ps) [Entry date 05/18/01] |
| 5/17/01 | 16 | MOTION to suppress eyewitness identifications by Luis Espinoza. (2 pages) (ps) [Entry date 05/18/01] |
| 5/17/01 | 17 | MOTION for disclosure of evidence favorable to the deft by Alejandro Montoya. (3 pages) (ps) [Entry date 05/18/01] |
| 5/17/01 | 18 | MOTION for disclosure of 404 evidence by Alejandro Montoya. (1 page) (ps) [Entry date 05/18/01] |
| 5/17/01 | 19 | MOTION for discovery and inspection by Alejandro Montoya. (3 pages) (ps) [Entry date 05/18/01] |
| 5/17/01 | 20 | MOTION to suppress evidence obtained as a result of search and seizure by Alejandro Montoya. (2 pages) (ps) [Entry date 05/18/01] |
| 5/17/01 | 21 | MOTION to suppress statements, admissions, and answers by Alejandro Montoya. (2 pages) (ps) [Entry date 05/18/01] |

Proceedings include all events.
0:01cr115-ALL USA v. Espinoza

APPEAL
INTERP 5TH

| | | |
|---|---|---|
| 5/17/01 | 22 | MOTION to suppress eyewitness identifcations by Alejandro Montoya. (2 pages) (ps) [Entry date 05/18/01] |
| 5/23/01 | 24 | MINUTES: before Magistrate Judge Raymond L. Erickson dft Luis Espinoza (1) & Alejandro Montoya (2) arraigned; not guilty plea entered; Attorney present. Motions due 5/17/01; motion hrg 5/23/01 at 8:30 before RLE in St. Paul; Voir Dire / Jury due 7/23/01; jury trial set for 9:00 on 7/30/01 before JMR. Court Reporter: Shaddix. 1 pg (rec'd 6/6/01) (dd) [Entry date 06/06/01] [Edit date 06/06/01] |
| 5/23/01 | 25 | MINUTES: before Magistrate Judge Raymond L. Erickson for motion hearing as to Luis Espinoza (1) & Alejandro Montoya (2). Supplemental briefs due by deft 5/30/01 and govt's due 6/4/01. Motions under advisement as of 6/4/01. Order & R & R to be issued. Exhibits retained by the court. Court Reporter: Shaddix. 1 pg (rec'd 6/6/01) (dd) [Entry date 06/06/01] |
| 5/30/01 | 23 | BRIEF by deft Luis Espinoza (1) in support of motion to suppress statements, admission & answers [15-1]. 1 pg (dd) [Entry date 05/31/01] |
| 6/8/01 | 26 | TRANSCRIPT OF PRELIMINARY & DETENTION HRG held 03/21/01 before Swearingen as to deft Alejandro Montoya (2). (Court Reporter: Lisa M. Johnson) 33 pgs (SEPARATE) (dd) [Entry date 06/08/01] |
| 6/8/01 | 27 | MOTION for leave to file its memorandum of law in opposition to defts' motions to suppress out of time by USA as to Luis Espinoza (1) & Alejandro Montoya (2). 1 pg (dd) [Entry date 06/11/01] |
| 6/8/01 | 28 | MEMORANDUM by plff USA in opposition to defts' motions to suppress. 10 pgs (dd) [Entry date 06/11/01] |
| 6/12/01 | 29 | LETTER dated 6/12/01 to RLE from deft Luis Espinoza. (1 page) *filed under seal* (ps) [Entry date 06/12/01] |
| 6/12/01 | 30 | LETTER dated 6/12/01 to RLE from deft Luis Espinoza. (1 page) *filed under seal* (ps) [Entry date 06/12/01] |
| 6/12/01 | 31 | TRAVEL AUTHORIZATION (Magistrate Judge Raymond L. Erickson /date signed 6/12/01) as to Luis Espinoza. (1 page) *filed under seal* (ps) [Entry date 06/12/01] |
| 6/18/01 | 32 | EX PARTE APPLICATION FOR PRETRAIL SUBPOENA and ORDER as to Alejandro Montoya (2) by Magistrate Judge Raymond L. Erickson that subpoenas duces tecum shall issue and they shall be served according to law (cc: deft counsel & USM only). 2pgs FILED UNDER SEAL (lg) [Entry date 06/18/01] |

6/18/01 33 ORDER (Magistrate Judge Raymond L. Erickson / date signed 6/18/01) granting motion for disclosure of evidence favorable to the deft [11-1] as to Luis Espinoza (1), granting motion for disclosure of evidence favorable to the deft [17-1] as to Alejandro Montoya (2), granting motion for disclosure of 404 evidence [12-1] as to Luis Espinoza (1), granting motion for disclosure of 404 evidence [18-1] as to Alejandro Montoya (2), granting motion for discovery and inspection [13-1] as to Luis Espinoza (1), granting motion for discovery and inspection [19-1] as to Alejandro Montoya (2), granting motion for leave to file its memorandum of law in opposition to defts' motions to suppress out of time [27-1] as to USA (cc: all counsel). 29pgs (lg) [Entry date 06/18/01]

6/18/01 34 FINDINGS AND RECOMMENDATION by Magistrate Judge Raymond L. Erickson date signed: 6/18/01 recommends denying motion to suppress statements, admissions, and answers [15-1] as to deft Espinoza (1), recommends denying motion to suppress statements, admissions, and answers [21-1] as to deft Montoya (2), recommends denying motion to suppress evidence obtained as a result of search and seizure [14-1] ans to deft Espinoza (1), recommends denying motion to suppress evidence obtained as a result of search and seizure [20-1] as to deft Montoya (2), recommends denying motion to suppress eyewitness identifications [16-1] as to deft Espino (1) and recommends denying motion to suppress eyewitness identifcations [22-1] as to deft Montoya (2). RR Ruling deadline set for 7/18/01 for Luis Espinoza (1) and Alejandro Montoya (2) (cc: all counsel). 29pgs (lg) [Entry date 06/18/01] [Edit date 06/18/01]

6/20/01 35 EXPARTE APPLICATION and ORDER FOR PRETRIAL SUBPOENA as to Alejandro Montoya by Magistrate Judge Raymond L. Erickson. (cc: deft, USM) 2 pages *filed under seal* (ps) [Entry date 06/25/01]

6/20/01 36 EXPARTE APPLICATION and ORDER FOR PRETRIAL SUBPOENA as to Alejandro Montoya by Magistrate Judge Raymond L. Erickson. (cc: deft, USM) 2 pages *filed under seal* (ps) [Entry date 06/25/01]

7/11/01 37 MOTION for continuance of trial date by Alejandro Montoya. 2 pgs (mf) [Entry date 07/12/01]

7/24/01 38 ORDER (Chief Judge James M. Rosenbaum / date signed 7/23/01) granting motion for continuance of trial date [37-1] as to Alejandro Montoya (cc: all counsel) (bw) [Entry date 07/25/01]

8/20/01 39 CONSENT TO AND SUBSTITUTION OF COUNSEL that Barry Vaughn Voss replaces Katherine Menendez for Alejandro Montoya. (2 pages) (ps) [Entry date 08/20/01]

| | | |
|---|---|---|
| 9/21/01 | 40 | ORDER (Chief Judge James M. Rosenbaum / date signed 9/20/01) motion to suppress statements, admissions, and answers [15-1] is denied; motion to suppress evidence obtained as a result of search and seizure [14-1] is denied; motion to suppress eyewitness identifications [16-1] is denied as to Luis Espinoza. (cc: all counsel) 1 pg (mf) [Entry date 09/24/01] |
| 9/21/01 | 41 | ORDER (Chief Judge James M. Rosenbaum / date signed 9/20/01) motion to suppress statements, admissions, and answers [21-1] is denied; motion to suppress evidence obtained as a result of search and seizure [20-1] is denied; motion to suppress eyewitness identifcations [22-1] is denied as to Alejandro Montoya. (cc: all counsel) 1 pg (mf) [Entry date 09/24/01] |
| 9/26/01 | 42 | PRO SE MOTION for appointment of counsel & to remove counsel by Luis Espinoza (1). (cc: counsel & JMR) 3 pg(s) (dd) [Entry date 09/28/01] |
| 10/12/01 | 43 | RESPONSE by counsel for deft Luis Espinoza to deft's pro se motion for appointment of counsel [42-1] and to remove present counsel [42-2]. 1 page (ps) [Entry date 10/15/01] |
| 11/8/01 | 44 | MOTION to continue trial by Luis Espinoza. 1 pg (mf) [Entry date 11/09/01] |
| 11/30/01 | 45 | MOTION and ORDER FOR CHANGE OF CUSTODY as to Luis Espinoza by Magistrate Judge J. Earl Cudd. (cc: all counsel, USM, PT) 2 pages (ps) [Entry date 12/03/01] |
| 12/3/01 | 46 | INFORMATION for Sentencing Enhancement pursuant to 21:851 as to Luis Espinoza (1). 1 pg (dd) [Entry date 12/04/01] |
| 12/3/01 | 47 | MINUTES: before Chief Judge James M. Rosenbaum 1ST DAY OF JURY TRIAL as to Luis Espinoza (1) and Alejandro Montoya (2). Jury impaneled and sworn. Opening statements by all parties. Court Reporter: Dawn Hansen. 1pg (lg) [Entry date 12/06/01] [Edit date 12/07/01] |
| 12/3/01 | 48 | JURY PANEL RECORD as to Luis Espinoza (1) and Alejandro Montoya (2). 1pg (lg) [Entry date 12/06/01] |
| 12/4/01 | 49 | MINUTES: before Chief Judge James M. Rosenbaum 2ND DAY OF JURY TRIAL as to Luis Espinoza (1) and Alejandro Montoya (2). Witnesses: John Horton and Jerry Konenzny. Court Reporter: Dawn Hansen. 1pg (lg) [Entry date 12/07/01] |
| 12/5/01 | 50 | MINUTES: before Chief Judge James M. Rosenbaum 3RD DAY OF JURY TRIAL as to Luis Espinoza (1) and Alejandro Montoya (2). Witnesses: Timothy Trebel and John Boulger. Court Reporter: Dawn Hansen. 1pg (lg) [Entry date 12/18/01] |

| | | |
|---|---|---|
| 12/6/01 | 51 | MINUTES: before Chief Judge James M. Rosenbaum VERDICT of GUILY as to Counts 1 and 2 as to Luis Espinoza (1) and Alejandro Montoya (2). Jurors polled and all concur. Exhibits returned to counsel. PSI ordered. Defts ret'd to custody of USM. Court Reporter: Dawn Hansen. 1pg (lg) [Entry date 12/18/01] |
| 12/6/01 | 52 | VERDICT as to Luis Espinoza (1). 3pgs (lg) [Entry date 12/18/01] |
| 12/6/01 | 53 | VERDICT as to Alejandro Montoya (2). 3pgs (lg) [Entry date 12/18/01] |
| 12/19/01 | 54 | NOTICE OF APPEAL TO CIRCUIT COURT by defendant Luis Espinoza (1) (filed by deft pro se) from verdict entered in this case on 12/6/01 [52-1] (cc: all counsel, court reporter and deft). 1pgs (lg) [Entry date 12/20/01] |
| 12/19/01 | 55 | LETTERS FROM DEFT TO APPOINTED COUNSEL ARTHUR MARTINEZ defendant Luis Espinoza. 4pgs (lg) [Entry date 12/20/01] |
| 12/20/01 | -- | DELIVERED TWO CERTIFIED COPIES of each of the following to the Court of Appeals, St. Paul Office: Revised information sheet, Notice of Appeal, Order or Judgment and Docket entries as to appeal filed by defendant Luis Espinoza (1) PRO SE, doc # 54. (lg) [Entry date 12/20/01] |
| 1/3/02 | -- | NOTIFICATION BY CIRCUIT COURT of Appellate Docket Number 02-1006 as to defendant Luis Espinoza. (mf) [Entry date 01/03/02] |
| 5/1/02 | 56 | POSITION of dft with respect to sentencing Alejandro Montoya (2). 3pgs (lg) [Entry date 05/02/02] |
| 7/25/02 | 57 | MINUTES: before Chief Judge James M. Rosenbaum SENTENCING Luis Espinoza (1) to counts 1 & 2. Custody of BOP for 240 months as to counts 1 and 2 to be served concurrently; 10 years supervised release on counts 1 and 2 to be served concurrently; $200.00 spec assmt. Deft ret'd to custod of USM. Spanish interpreter Marianne McEvoy present. Court Reporter: Dawn Hansen. 1pg (lg) [Entry date 07/31/02] [Edit date 07/31/02] |
| 7/31/02 | 58 | JUDGMENT/STATEMENT OF REASONS as to defendant Luis Espinoza (1) by Chief Judge James M. Rosenbaum (dated 7/30/02) (Copies dist'd). 5pg(s) (lg) [Entry date 07/31/02] |

EXHIBIT (D)



UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Criminal No. 01-115(JMR/RLE)

- - - - - - - - - - - - - - - - - - - -

United States of America,
Plaintiff,

-v-

Sentencing
July 24, 2002

Luis Espinoza,
Defendant.

- - - - - - - - - - - - - - - - - - - -

TRANSCRIPT OF PROCEEDINGS

HAD BEFORE THE HONORABLE JAMES M. ROSENBAUM

Minneapolis, Minnesota

APPEARANCES:

For the Government — Anthony Brown

For Defendant Espinoza — Arthur Martinez

Reported By: Dawn M. H. Hansen, RMR, CRR

P R O C E E D I N G S

THE CLERK: Your Honor, the matter on the calendar is United States of America versus Luis Espinoza, criminal number 01-115. Would counsel please stand and state their appearance?

MR. BROWN: Anthony Brown for the United States. Good afternoon, Your Honor.

THE COURT: Mr. Brown, good afternoon.

MR. MARTINEZ: Arthur Martinez for Mr. Luis Espinoza, who's present and in custody, Your Honor.

THE COURT: Mr. Martinez, nice to see you. Mr. Espinoza, would you step forward with your counsel, please. Counsel. Mr. Clerk, would you swear the interpreter.

(Interpreter sworn.)

THE COURT: I think, Miss Interpreter, now that you have gotten yourself all comfortable, you should move, because you need to be closer to the microphone. Mr. Martinez, I think, since I feel like a stage manager, I'm going to put you over by your client. Brown, you get over on the other side, the heck with you, here we go. We can handle this. Good afternoon, Mr. Espinoza.

THE INTERPRETER: Good afternoon.

THE COURT: You do speak some English; is that correct?

THE INTERPRETER: Yes.

THE COURT: Of course you have an interpreter and she's available to you throughout the proceeding. I have received a presentence investigation in this case. Mr. Martinez, have you received a copy?

MR. MARTINEZ: Yes, as well as my client, and some time ago we reviewed it, and I went over it with him again today.

THE COURT: All right. And, Mr. Espinoza, I know you received a copy of that report yourself, correct?

THE INTERPRETER: Yes, sir.

THE COURT: And you've had an opportunity to go over it with Mr. Martinez?

THE INTERPRETER: Yes, sir.

THE COURT: Now, he speaks Spanish; isn't that correct?

THE INTERPRETER: Yes, sir.

THE COURT: And was it read to you and explained to you?

THE INTERPRETER: Perfectly.

THE COURT: And the United States also received a copy; is that correct?

MR. BROWN: That is correct, Your Honor.

THE COURT: All right. I noted that there were some objections to statements as to whether a witness was supplied with a certain amount of chemical, but I don't

think that figured in any fashion into the sentencing calculus under the Guidelines or under the mandatory minimum. You understand that, Mr. Martinez?

MR. MARTINEZ: Yes, Judge.

THE COURT: Do you see any need to modify or hold a hearing on the particular question for the purpose of changing the presentence investigation?

MR. MARTINEZ: No.

THE COURT: And the United States has no objection to the findings of fact; is that correct?

MR. BROWN: That is correct, Your Honor.

THE COURT: On that basis, I will sentence based upon the facts which I heard. But for the purposes of the report to the custodial officers, the presentence investigation will remain in the format in which it's presently placed.

Now, I understand that the defendant is of a mind that he ought to be given a two-point reduction or two-level reduction for being a minor participant. There are two problems with that. One is a factual problem, and the second is, under the enhanced penalties, under the statute, which was used to prosecute your client, it frankly doesn't make any differences as I think you are probably aware, Mr. Martinez.

MR. MARTINEZ: I am, Judge. Many of these things

I reviewed with my client. He's made himself learned with the Guidelines, and many things are inclusive per his request, Judge.

THE COURT: Mr. Espinoza, I know you have your own lawyer. I am not your lawyer. But the government filed what's called an enhancement and took a ten-year penalty and doubled it. Put it up to a 20-year minimum. Frankly, whether you get a reduction of two points for being a minor participant or you don't, doesn't make any difference at all. Because that mandatory minimum is simply not going to move. I suspect you've spoken about that with your lawyer. Correct?

THE INTERPRETER: Yes.

THE COURT: All right. I see no reason, then, to make any sentencing determination or hold a hearing on the subject. Although frankly, I must say that the evidence was not strongly supportive of that proposition. I'm somewhat in the same situation with respect to the acceptance of responsibility, Mr. Martinez. Your client either went to trial to vindicate a principle or he didn't. It doesn't make a difference. We've got an enhanced penalty, and it's a 20 year.

MR. MARTINEZ: I understand.

THE COURT: All right. With those things in mind, it appears that the defendant is a 32, has a base

level of 32 for the amount of methamphetamine in the case under 2D1.1. He has a prior criminal history of three. There would be a guideline sentence of 151 to 181 months, but that's below the mandatory minimum. Congress said if they're convicted of this crime with the enhancement, it's 20 years, no matter what. And that is where we are. There's a dollar fine, and the defendant cannot pay it. There are two counts, each one has a $100 mandatory minimum --

THE INTERPRETER: I'm sorry, Your Honor, did you say there was a fine or there wasn't? I'm sorry.

THE COURT: I said there is a fine, and you can't pay it. There is not a call for restitution, and there are two separate counts, each one of which requires the payment of a $100 special assessment. There is, of course, supervised release with a minimum of ten years to a maximum of life. With those thoughts in mind, Mr. Martinez, is there anything you want to say before I impose sentence?

MR. MARTINEZ: There's really not much you could do, Judge, no.

THE COURT: Mr. Espinoza, is there anything you want to say before I impose sentence in this case?

THE INTERPRETER: Yes. Umm, I'd like to tell you that I --

THE COURT: Why don't you get a little closer to

the mic, if you would.

THE INTERPRETER: I would like to tell you that I truly do acknowledge that I made a very bad mistake. That's affecting my family very much. I never thought about the consequences. And I would just like to ask you to have mercy. And God bless you.

THE COURT: I thank you. Anything you want to say on behalf of the United States?

MR. BROWN: No, Your Honor, nothing further.

THE COURT: Mr. Espinoza, if it were available to me to do so, I would give you credit for acceptance of responsibility. You are a young man, you went to trial, you are entitled to go to trial. I was not told lies by you, and you may have that on the record, if it makes any difference. Unfortunately, it doesn't. The Congress has provided for enhanced penalties for people who have committed prior crimes and who have violated the law. You've done both. The government applied those penalties, or applied that enhancement. And the penalty is 20 years. I will not sentence you to a day longer than that. And you'll be given credit for the time which you have served. Realistically, but without making a promise, because I cannot do it. You will not do 20 years. You are a foreign national. I can't promise what will happen, but typically, if you behave yourself, you will do some time, and then

they will send you out of the country. For your sake, I hope they do that. You are a young man, what, are you 26?

THE INTERPRETER: 27.

THE COURT: 27? And I hope you get a chance to figure out what you ought to do with the rest of your life. Under any circumstances, I tell you what you cannot do with the rest of your life is come back to the United States. Because if you do, they will pick you up and bring you back in front of me. And under this statute, you will owe me ten more years besides. You may or may not like me, that's your choice, but you will not like me if you see me again.

(Defendant nods.)

THE COURT: Understood?

THE INTERPRETER: Yes, sir.

THE COURT: All right. So, now you know what the sentence is. It'll be 20 years, less the time that you've already done. After that's over, they will let you out, I'm sure before that, I can't promise it, but they usually do. Don't come back, because you owe me a ten spot when you return. Now I'll tell you all the official words that make that happen.

I tell you, Luis Manuel Espinoza, also known as Daniel Mendoza, that you have been charged in Count 1 of an indictment with aiding and abetting possession with intent to distribute methamphetamine in violation of 21 United

States Code Section 841(a)(1)(B)(1)(a) and 21 United States Code Section 851. And in addition -- and 18 United States Code Section 2. In addition, under Count 2, you were charged with conspiracy to possess with intent to distribute methamphetamine in violation of 18 -- of section -- 18 United States Code Section 841(a)(1)(B)(1)(a), and 21 United States Code 851. Based upon your conviction by a jury, and my determination that the evidence was sufficient for that jury to reach its conclusion, it is considered and adjudged that you are guilty of those offenses. And therefore it is adjudged that you are committed to the custody of the Bureau of Prisons for imprisonment for a term of 240 year -- months on each count. The two counts will be served concurrently, at the same time. You will be given credit for the time which you have served.

If you have a choice, Mr. Espinoza, where would you choose to spend your time of confinement?

THE INTERPRETER: Ah, I'd like to ask you to have them send me to the prison near my family.

THE COURT: Which is which, Mr. Martinez, do you --

MR. MARTINEZ: Yes, Your Honor, where I've seen his family would be in Pascal, Washington, which is in Franklin County, state of Washington.

THE COURT: Is there an FCI in Casper?

MR. MARTINEZ: I think so. I'm guessing, Judge.

THE COURT: Mr. Probation Officer?

THE PROBATION OFFICER: Yes, Your Honor.

THE COURT: Or Miss Probation Officer, I notice that -- is there one in Casper, Washington?

THE PROBATION OFFICER: I will check, Your Honor. There's nothing in Pascal, Washington.

THE COURT: What do we have in Washington state? You may step forward, if you like. Albeit, you don't have to.

THE PROBATION OFFICER: It looks like there's something in Sheridan, Oregon, which I'm not familiar with. And --

THE COURT: For the moment, let me try and simplify this, Mr. Martinez --

MR. MARTINEZ: That's pretty close, Judge.

THE COURT: May I suggest you chat with your client and the probation officer. If you would be kind enough to let me know by noon tomorrow the facility you would most prefer that he be confined in, I will recommend that facility, and further recommend that if that cannot be accomplished, that it be at a place nearest to any place you designate. Fair enough?

MR. MARTINEZ: Sounds fair, Judge.

THE COURT: All right. Mr. Espinoza, I'm trying

to help you stay close to your family, if that's what your pleasure is. Do you understand that?

THE DEFENDANT: Yes. Gracias.

THE INTERPRETER: Thank you.

THE COURT: Again, you understand, I can't order that. I can ask. But if they want to send you to Florida, they can do it. That's how it works. There's also a firearm wandering around in here, and being a firearm, that may make a difference too. Do you understand that?

THE INTERPRETER: Yes.

THE COURT: All right. After you have completed your service of confinement, it is ordered that you comply with state, federal, and local laws and the rules and regulations of the probation office. You must abide by the standard conditions of supervised release. You may not possess a firearm or a dangerous weapon. It would violate my supervised release, but it's another crime, and you don't need anymore crimes. You will submit to whatever drug treatment or aftercare would be recommended, but most important for your purposes, you must comply with the rules and regulations of the Immigration and Naturalization Service. If you are deported, you may not return to this country without the prior written consent of the attorney general. If you do come into this country, you must report to the nearest probation office within 72 hours. If you

violate those things, you come back to me and you owe ten years. Do you understand that?

THE INTERPRETER: Yes, sir.

THE COURT: You don't want to do it.

THE INTERPRETER: No.

THE COURT: It is also -- you'll receive a copy of this in writing from the probation office when you are released from custody. They'll probably release you to the INS and either put you on a bus or a train or an airplane, and send you out.

It is also ordered that you pay a special assessment in the amount of $200, and you owe that sum immediately. I've told you I will not impose a fine, you don't have the money to pay it. You are in custody, and you'll remain in custody. You have a right to appeal from the sentence which I have imposed and indeed from your conviction, and must do so within ten days if you wish to.

THE INTERPRETER: I'm sorry, can you repeat that?

THE COURT: Yes, ma'am. You have a right to appeal from this sentence, and indeed from your conviction, and if you wish to take that appeal, you have ten days in which to instruct your lawyer to place the appeal. If you fail to instruct Mr. Martinez to file the appeal within ten days, the right will disappear.

The government also has a right to appeal, and if they

do so, and you need a lawyer to defend you, one will be provided at no cost.

In my view, this sentence is extraordinarily long, but it is exactly the sentence which is prescribed by Congress. And therefore I have complied with the law, as I'm obligated to do. On that basis, the sentence complies with the statute, and the direction of 18 United States Code 3553(a). That will be the order of the Court. Good luck to you, sir.

THE INTERPRETER: Thank you, sir.

THE COURT: Thank you, gentlemen. Are you bleeding maroon and gold, sir?

MR. BROWN: Just a little burnt orange right about now, sir. Burnt orange and white.

(Recess.)

CERTIFICATE

I, Dawn Marie Higby Hansen, do certify that the above and foregoing 13 pages of transcript is a true, correct, and accurate transcription of my stenographic notes taken in the above proceedings.

________________________ ________________________

Date

Dawn Marie Higby Hansen
Official Court Reporter