UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CR-115(01)(JMR/RLE)
05-CV-249(JMR)

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Luis Espinoza,<br>a/k/a Daniel Mendoza | )<br>) | |

Petitioner, Luis Espinoza, seeks relief under 28 U.S.C. § 2255. The petition is denied.

I. Background

Petitioner was charged in Count 1 of an Indictment with aiding and abetting with intent to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. Count 2 of the Indictment charged petitioner with conspiracy to possess with intent to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

Having previously been convicted of a felony drug offense, petitioner was subject to the enhanced sentencing provisions of 21 U.S.C. §§ 841(b)(1)(A) and 851. Under these provisions, a conviction on either Count 1 or Count 2, along with proof of the prior felony drug conviction, would have exposed petitioner to a mandatory minimum sentence of twenty years.

The government offered defendant a plea agreement, under which it agreed to forego filing the sentence enhancement Information.

However, on the day of the plea hearing, petitioner rejected the plea agreement and indicated he would take his chances at trial. Immediately thereafter, and prior to the commencement of jury selection, the prosecutor filed the sentence enhancement Information with the Court.

The jury found petitioner guilty on both counts. By special verdict, the same jury found petitioner accountable for more than 500 grams of methamphetamine.

The Court applied § 841(b)(1)(A)'s penalty enhancing provisions for career offenders and sentenced petitioner to 240 months imprisonment, followed by ten years of supervised release. Petitioner appealed his conviction.

On appeal, he made no reference to any concerns relating to the timing of the enhancement Information, but rather, claimed a denial of due process based on the prosecutor's allegedly prejudicial comments during rebuttal. See United States v. Luis Espinoza, 349 F.3d 525, 528 (8th Cir. 2003). The Eighth Circuit Court of Appeals rejected this contention and affirmed petitioner's conviction. Id. at 529. Petitioner did not file a petition for a writ of certiorari, and his conviction became final on February 10, 2004.

Now, petitioner bases his 28 U.S.C. § 2255 motion on a claim of ineffective assistance of counsel. He claims the Court lacked jurisdiction and authority to impose the enhanced sentence because

the government failed to timely file its Information seeking the sentencing enhancement pursuant to 21 U.S.C. § 851(a)(1). Petitioner also contends his trial attorney was ineffective in failing to object to the government's tardy filing at sentencing, and in failing to raise the issue on direct appeal. Further, petitioner argues this late submission denied him due process. Each claim fails.

II. Discussion

A. Jurisdiction

Petitioner claims this Court lacked jurisdiction to impose an enhanced sentence because the government failed to file the § 851 information in timely fashion. This claim cannot be sustained, because even if the prosecutor did not meet § 851(a)(1)'s deadlines, such a failure would not affect the Court's jurisdiction. United States v. Mooring, 287 F.3d 725, 727 (8th Cir. 2002) (citing Prou v. United States, 199 F.3d 37, 45 (1st Cir. 1999)).

Whether or not the prosecution files a timely § 851(a)(1) information, a federal district court possesses subject-matter jurisdiction over drug cases. See 18 U.S.C. § 3231 (conferring original jurisdiction "of all offenses against the laws of the United States"). This jurisdiction necessarily includes the imposition of criminal penalties. Mooring, 287 F.3d at 727.

Once subject matter jurisdiction has properly attached, courts

may exceed their authority or otherwise err without loss of jurisdiction. Id. Thus, the only question legitimately arising from any failure to comply with § 851(a)(1) is whether the Court can impose an enhanced sentence. Id. While the Court will examine that question, it plainly had jurisdiction.

B. Enhanced Sentencing Authority

Petitioner claims the government failed to timely file its Information, thus depriving the Court of authority to impose an enhanced sentence. The Court finds this argument to be without merit.

Section 851(1)(a) provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial . . . the United States attorney files an information with the court (and serves a copy on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

See 21 U.S.C. § 851(a)(1).

Under the terms of § 851, the government must file its information before jury selection begins, giving defendant time to determine whether he should enter a plea, or proceed to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict. United States v. Robinson, 110 F.3d 1320, 1328 (8th Cir. 1997).

Petitioner's procedural contention is baseless. By affidavit, Anthony Brown, the Assistant United States Attorney who tried this

case, states he filed the Information "immediately after [defense counsel] advised that [the petitioner] had finally rejected the plea offer, before any questioning of the jury venire had begun, and before any official case proceeding had commenced that morning." See Affidavit of Anthony Brown (Exhibit Attachment A). An examination of the record supports Mr. Brown's statement. The Court concludes, therefore, that the government actually complied with § 851(a)(1). As such, the Court properly considered petitioner's prior convictions in enhancing the sentence.

C. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are analyzed under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). To sustain this claim, petitioner must show: (1) "that counsel's representation fell below an objective standard of reasonableness," id. at 688; and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner claims his attorney was ineffective in failing to object to the government's noncompliance and in failing to raise the issue on direct appeal. However, these arguments would have been futile because the government did comply with § 851. The objection would have been overruled at sentencing, and the appeal issue would have been properly denied. As an ineffective assistance of counsel claim cannot be based on a failure to raise

losing arguments, petitioner's claim fails. See Clemons v. Armontrout, 921 F.2d 187, 191 (8th Cir. 1990).

D. Due Process

Finally, petitioner argues that the government's failure to comply with § 851's strictures resulted in an illegal sentence, thus violating his right to due process. Because petitioner's § 851 argument fails, his due process claim suffers the same fate.

III. Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

IV. Conclusion

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 91] is denied.

2. No Certificate of Appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 7, 2006

s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge